## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TESHA ALSHREET** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Cause of Action No. 4:22-cv-157** |
| | § | |
| **FIESTA MART, LLC,** | § | |
| *Defendant.* | § | |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

TO:   The Honorable United States District Court for the Southern District of Texas, Houston Division:

Defendant Fiesta Mart, LLC files this notice of removal under 28 U.S.C. §1446(a) to the United States District Court for the Southern District of Texas, Houston Division, and would respectfully show:

### A. Introduction

1.      On December 28, 2021, Plaintiff Tesha Alshreet sued Defendant Fiesta Mart, LLC in the 129th Judicial District Court in Harris County, Texas. *See* Exhibits "1" and "2".  In her suit styled *Tesha Alshreet v. Fiesta Mart, LLC;* Cause No. 2021-83453, Plaintiff alleges causes of action of premises liability, negligence, and gross negligence, related to an alleged slip and fall on Defendant's premises. *See* Exhibit "3". Plaintiff plead damages between $250,000 and $1,000,000.

2.      Defendant was served with the suit on January 10, 2022 by a process server. *See* Exhibit "4". Defendant's first notice of the lawsuit was on January 10, 2022. Defendant answered the Petition on January 14, 2022. *See* Exhibit "5". Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

<u>B. Basis for Removal</u>

3.      Removal is proper because there is complete diversity between the parties. 28 U.S.C.

§1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).

Plaintiff is a citizen of Texas. Fiesta Mart, LLC, the Defendant, is a limited liability company.

Therefore, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Harvey v. Grey*

*Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Fiesta Mart, LLC. is

Bodega Latina Corp., a corporation incorporated under the laws of the State of Delaware with its

principal place of business, now and when the case commenced, in California. The corporate

structure of Fiesta has not changed since the time the affidavit included as Exhibit 8 was executed.

Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware

and California and of no other state. *See Harvey*, 542 F.3d at 1080. *See* Exhibit "8".

4.      Additionally, the amount in controversy exceeds $75,000, excluding interest and costs.

28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir.

2006). Plaintiff pleads for damages between $250,000 and $1,000,000. *See* Exhibit 3, Paragraph

29.

5.      Plaintiff seeks recovery for past and future medical expenses, past and future physical pain

and suffering, and past and future physical impairment.  *See* Exhibit 3.

6.      The Fifth Circuit has held that a court can "determine that removal [is] proper if it is facially

apparent" that the claims alleged in the petition "are likely above" the jurisdictional minimum.

*Allen v. R & H Oil & Gas. Co*. 63 F.3d 1326, 1335 (5th Cir. 1995).  The "facially apparent"

evaluation is done by looking "at the face of the complaint [and] asking whether the amount in

controversy [is] likely to exceed" the jurisdictional amount. *Id*. at 1336.

7.       Based on the nature of Plaintiff's claims that she sustained injuries and damages for which

she seeks recovery for past and future physical pain and suffering, past and future mental anguish,

past and future physical impairment, past and future medical expenses, loss of earning capacity, out of pocket expenses, prejudgment and post judgment interest and exemplary damages, and that Plaintiff seeks between $250,000 and $1,000,000 in damages, it is apparent on the face of Plaintiff's Original Petition that the damages sought by Plaintiff are more likely than not to exceed the minimal amount. *Gerbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Circuit 2000) (it was "facially apparent" that petition in slip and fall case satisfied amount in controversy requirement).

8.     Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a). *See* Exhibits "1" through "7".

9.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

10.     Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending. *See* Exhibit "7".

C. Jury Demand

11.     Defendant demands a trial by jury.

D. Conclusion

12.     Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in state court over which this Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse in citizenship.

13.     For these reasons, Defendant asks the court to remove the suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT, LLP**

By: _C Dorsett,_ _____
C. Robert Dorsett
Attorney-in-Charge
Federal Bar No. 626099
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
3503 Wild Cherry Dr., Bldg 6
Austin, Texas 78738
Telephone: (512) 600-4365
Facsimile: (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of the firm of Dorsett Johnson & Swift, LLP, attorneys for the Defendant herein, and that I have provided a copy of the foregoing to all counsel of record as reflected below this 14th day of January 2022.

***Via Electronic Case Filing and***
***Electronic mail***
The Todd Law Group
Jeffrey N. Todd
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
jeff@jefftoddlaw.com

_C Dorsett,_ _____
C. Robert Dorsett, Jr.

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TESHA ALSHREET** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Cause of Action No. _____** |
| | § | |
| **FIESTA MART, LLC,** | § | |
| *Defendant.* | § | |

### INDEX OF DOCUMENTS FILED

As required under Local Rule 81, the following is a list of the documents being filed with

the Fiesta Mart, L.L.C.'s ("Fiesta") Notice of Removal in this action:

| Exhibit | Description |
|---|---|
| 1. | Index of Documents Filed |
| 2. | Docket Sheet for Cause No. 2021-83453; *Tesha Alshreet v Fiesta Mart, LLC;* In the 129th Judicial District Court of Harris County, Texas |
| 3. | Plaintiff's Original Petition, filed December 28, 2021 |
| 4. | Service of Process for Fiesta Mart, LLC with Civil Process Request |
| 5. | Defendant Fiesta Mart LLC's Original Answer, filed January 14, 2022 |
| 6. | List of Counsel of Record |
| 7. | Notice of Removal in State Court |
| 8. | Affidavit of Michael Saltzstein |

EXHIBIT "2"

**HCDistrictclerk.com**  ALSHREET, TESHA vs. FIESTA MART LLC  1/14/2022
Cause: 202183453  CDI: 7  Court: 129

### DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 99858872 | DEFENDANT FIESTA MART LLCS ORIGINAL ANSWER SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES | | 01/14/2022 | 6 |
| 99596380 | Plaintiffs Original Petition | | 12/28/2021 | 10 |
| -> 99596381 | Request for Issuance of Service | | 12/28/2021 | 1 |

EXHIBIT "3"

12/28/2021 12:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60336745
By: Patricia Jones
Filed: 12/28/2021 12:55 PM

CAUSE NO. _____

| | | |
|---|---|---|
| TESHA ALSHREET | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FIESTA MART, LLC, | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TESHA ALSHREET ("ALSHREET"), Plaintiff, and complains of FIESTA MART, LLC, Defendant, and for cause would respectfully show unto this Court as follows:

### I.
### Discovery Control Plan

1.    Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### The Parties

2.    Plaintiff, TESHA ALSHREET, is a natural person residing in Fort Worth, Texas.

3.    Defendant, FIESTA MART, LLC, is a corporation that conducts business in Texas and can be served with process by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, or wherever it may be found.

### II.
### Request Pursuant to Rule 28 for Substitution of True Name

4.    To the extent that Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of

Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answer to this suit, that Defendant answer in its correct legal and assumed names.

## IV.
## Jurisdiction and Venue

5.     This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6.     The amount in controversy is within the jurisdictional limits of this Court.

7.     Venue of this action is proper in Harris County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

## V.
## Nature of the Case

8.     On or about May 20, 2020, Plaintiff was at FIESTA MART, LLC (hereinafter referred to as "FIESTA MART"), at 5600 Mykawa Road in Houston, Texas.  As Plaintiff was walking through the store, she slipped, landed forcefully on the ground and sustained severe and extensive injuries to her body (the "Fall").

## VI.
## Causes of Action

A.     ***FIESTA MART's Premises Liability***

9.      ALSHREET incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10.     There can be no question that ALSHREET is an innocent victim in this case. At the time of the Fall, ALSHREET was an invitee of FIESTA MART because she was a customer at FIESTA MART. Because said store was open to the public, FIESTA MART

extended an invitation to ALSHREET to shop at FIESTA MART for the mutual benefit of both parties. Consequently, FIESTA MART, by and through its employee/agents, owed ALSHREET the duty to inspect the premises and maintain them in a reasonably safe manner.

11.    FIESTA MART was the owner and/or operator of the subject store at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of ALSHREET' damages.

12.    The puddle of water left standing on the premises of FIESTA MART posed an unreasonable risk of harm because individuals walking through the store may slip and fall in the puddle of water through no fault of their own and severely injure themselves.

13.    FIESTA MART, by and through its employee/agents, knew or should have known of the dangerous condition of the premises of FIESTA MART for numerous reasons including, but not limited to:

a.    Customers notified FIESTA MART of the dangerous condition at the store or other FIESTA MART stores of similar design and construction around the country;

b.    FIESTA MART agents, servants, or employees actually witnessed accidents caused by the dangerous condition at the subject store or other FIESTA MART stores of similar design and construction around the country;

c.    FIESTA MART agents, servants, or employees actually caused the dangerous condition at the subject store or other FIESTA MART stores of similar design and construction around the country;

d.    FIESTA MART agents, servants, or employees were involved in the design and construction of the dangerous condition at the subject store or other

FIESTA MART    stores of similar design and construction around the country;

e.    FIESTA MART agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store  or other FIESTA MART  stores of similar design and construction around the country;

f.    FIESTA MART agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store  or other FIESTA MART  stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g.    The dangerous condition existed long enough at the subject store  or other FIESTA MART stores of similar design and construction around the country that FIESTA MART did or should have discovered it upon reasonable inspection.

14.    FIESTA MART breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn ALSHREET of the dangerous condition at the subject store.  Each of these acts or omissions, taken alone or collectively, amount to premises liability by FIESTA MART and ALSHREET sustained damages as a proximate result of FIESTA MART's conduct.  Accordingly, FIESTA MART  is liable to ALSHREET as a result of its premises liability.

**B.    *FIESTA MART's Negligence***

15.    ALSHREET incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.    At the time of the Fall, ALSHREET was an invitee at FIESTA MART and, as such, FIESTA MART had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous

conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.    FIESTA MART, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn ALSHREET of the dangerous condition at the subject store.  Each of these acts or omissions, taken alone or collectively, amount to negligence by FIESTA MART and ALSHREET sustained damages as a proximate result of FIESTA MART's conduct.  Accordingly, FIESTA MART is liable to ALSHREET as a result of its negligence.

### C.    *FIESTA MART's Malicious & Grossly Negligent Conduct*

18.    ALSHREET incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19.    FIESTA MART acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7).  Specifically, FIESTA MART, by and through its employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of FIESTA MART to determine if the premises were safe and acted with total disregard for the circumstances existing at the time.  In the alternative, FIESTA MART, by and through its employee/agents, failed to make the dangerous condition on its premises reasonably safe and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20.    When viewed from the perspective of FIESTA MART at the time of the acts or omissions, the acts or omissions of FIESTA MART involved an extreme degree of risk,

considering the probability and magnitude of the potential harm to others. Moreover, FIESTA MART had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, FIESTA MART is liable to ALSHREET for exemplary damages.

**VII.**
**Damages**

**A.    *General Damages of TESHA ALSHREET***

21.    As a direct and proximate result of Defendant's negligence, Plaintiff, TESHA ALSHREET, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

22.    From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, TESHA ALSHREET, for each element are as follows:

      a.    The physical pain that TESHA ALSHREET has suffered from the date of the accident in question up to the time of trial.

      b.    The mental anguish that TESHA ALSHREET has suffered from the date of the accident in question up to the time of trial.

      c.    The damages resulting from the physical impairment suffered by TESHA ALSHREET and the resulting inability to do those tasks and services that she ordinarily would have been able to perform.

      d.    The loss of any earnings sustained by TESHA ALSHREET from the date of the incident in question up to the time of trial.

      e.    The disfigurement which Plaintiff has suffered

from the date of the incident in question up to the time of trial.

23.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, TESHA ALSHREET, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

a.    The physical pain that TESHA ALSHREET will suffer in the future beyond the time of trial.

b.    The mental anguish that TESHA ALSHREET will suffer in the future beyond the time of trial.

c.    The damages resulting from the physical impairment that TESHA ALSHREET will continue to suffer in the future and the resulting inability to do those tasks and services that she ordinarily would have been able to perform in the future beyond the time of trial.

d.    The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

e.    The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

24.    Because of all of the above and foregoing, Plaintiff, TESHA ALSHREET, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

**B.    *Medical Damages of TESHA ALSHREET***

25.    Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, TESHA ALSHREET, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that she will require additional medical, hospital and drug services in the future beyond this date.  Plaintiff, TESHA ALSHREET, here now sues for an additional sum within the jurisdictional limits of

the Court for past and future medical, hospital and drug services.

### C.    *Gross Negligence/Malice*

26.    The actions of the Defendant were so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law.  Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

### D.    *Prejudgment Interest*

27.    In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

### VIII.
### Conditions Precedent

28.    All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

### IX.
### T.R.C.P. 47©

29.    Pursuant to T.R.C.P. 47©, Plaintiff herenow seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

### X.
### RULE 193.7 NOTICE

30.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against

Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

**XI.**
**Prayer**

WHEREFORE PREMISES CONSIDERED, TESHA ALSHREET asks that Defendant be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, TESHA ALSHREET as follows:

(a)    All actual, consequential, and special damages;

(b)    Pre-judgment interest as provided by law;

©      Punitive damages as provided by law;

(d)    Post-judgment interest;

(e)    Costs of Court; and,

(f)    Such other and further relief, both general and special, legal and equitable, to which TESHA ALSHREET may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By: /s/ *Jeffrey N. Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone:  (832) 243-4953
Telecopier:  (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeffrey Todd on behalf of Jeffrey Todd
Bar No. 24028048
jeff@jefftoddlaw.com
Envelope ID: 60336745
Status as of 12/28/2021 2:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dena Kana | | dena@jefftoddlaw.com | 12/28/2021 12:55:37 PM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 12/28/2021 12:55:37 PM | SENT |
| Julie Rogers | | julie102870@gmail.com | 12/28/2021 12:55:37 PM | SENT |

EXHIBIT "4"

 **CT Corporation**

**Service of Process Transmittal**
01/10/2022
CT Log Number 540850788

| | |
|---|---|
| **TO:** | Joe Angulo<br>Bodega Latina Corporation<br>14601B LAKEWOOD BLVD<br>PARAMOUNT, CA 90723-3602 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Fiesta Mart, L.L.C.  (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Tesha Alshreet // To: Fiesta Mart, L.L.C.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 202183453 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/10/2022 at 09:26 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air<br><br>Image SOP<br><br>Email Notification,  Monica Penichet  monica.penichet@blcmarkets.com<br><br>Email Notification,  Juan Ramos  juan.ramos@blcmarkets.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Mon, Jan 10, 2022

**Server Name:**              Drop Service

| Entity Served | FIESTA MART LLC |
|---|---|
| Case Number | 202183453 |
| Jurisdiction | TX |



CAUSE NO. 202183453

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 939287  TRACKING NO: 73957574

| | |
|---|---|
| Plaintiff: | In The 129th |
| ALSHREET, TESHA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FIESTA MART LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    FIESTA MART LLC (CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN ST STE 90, DALLAS TX 75201**
**OR WHEREVER IT MAY BE FOUND**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on December 28, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on January 5, 2022, under my hand and seal of said court.

Issued at the request of:

TODD, JEFFREY NASH
12929 GULF FREEWAY, SUITE 301
HOUSTON, TX 77034
832-243-4953
Bar Number: 24028048



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CHANDRA LAWSON

Tracking Number: 73957574

## CAUSE NUMBER: 202183453

| | |
|---|---|
| **PLAINTIFF: ALSHREET, TESHA** | **In the 129th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: FIESTA MART LLC** | **Harris County, Texas** |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the ___ _____ day of ___ _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation
together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said
copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                 Affiant                                                Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.


_____
Notary Public

EXHIBIT "5"

1/14/2022 8:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60819727
By: Iliana Perez
Filed: 1/14/2022 8:49 AM

## CAUSE NO: 2021-83453

| | | |
|---|---|---|
| **TESHA ALSHREET** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant* | § | **129TH JUDICIAL DISTRICT** |

## DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Fiesta Mart, LLC ("Defendant" herein), and files its Original Answer, Special Exceptions and Affirmative Defenses to Plaintiff's Original Petition ("Petition") as follows:

## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the material allegations contained in the Petition and demands strict proof thereof in accordance with the laws of the State of Texas.

## SPECIAL EXCEPTIONS

2.      Defendant specially excepts to and moves to strike Plaintiff's allegations of "NEGLIGENCE".  Although the petition purports to allege negligence as a cause of action against Defendant, Plaintiff fails to show why premise liability allegations are inadequate.  The Texas Supreme Court has dictated that **a premises liability claim is Plaintiff's only viable cause of action when Plaintiff alleges injury resulting from a premises condition**. *H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 259 (Tex. 1992*); Keetch v. Kroger,* 845 S.W.2d 262, 266 (Tex. 1992).

3.      Defendant specially excepts to and moves to strike Plaintiff's allegations of Gross Negligence against Defendant because Plaintiff did not provide sufficient facts any of the elements of her cause of action.  Specifically, Plaintiff did not plead that Defendant committed an 1) act or omission, when viewed objectively from the defendant's standpoint at the time it occurred involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the defendant had actual, subjective awareness of the risk, but still proceeded with a conscious indifference to the rights, safety, or welfare of others.  Plaintiff should be required to replead with sufficient facts or the cause of action should be stricken.

## **AFFIRMATIVE DEFENSES**

4.      Pleading further, and without waiver of the foregoing, Defendant denies that Plaintiff's injuries and damages, if any, proximately resulted from any act or omission on the part of this Defendant.

5.      Pleading further, and without waiver of the foregoing, Defendant respectfully alleges that Plaintiff's recovery of medical expenses must be limited to costs actually paid or incurred by Plaintiff pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105.

6.      Pleading further, and without waiver of the foregoing, Defendant respectfully alleges that Plaintiff's recovery of economic and non-economic damages be limited pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 41.001, et. seq.

7.      Pleading further, and without waiver of the foregoing, Plaintiff's injuries, and damages, if any, resulted from new and independent causes unrelated to any conduct of Defendant.

8.      Subject to the above pleadings and pleading affirmatively, Defendant would respectfully show the court that Plaintiff is not entitled to any award of exemplary damages.

9.      Pleading further, and without waiver of the foregoing, Defendant respectfully

alleges that if exemplary damages are awarded, any award should be subject to the limits imposed by the Texas Rules of Civil Procedure and Texas Civil Practice and Remedies Code.

10.    Pleading further, and without waiver of the foregoing, any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19, of the Texas Constitution, in that:

a.    Such punitive damages are intended to punish and deter Defendant and thus this proceeding becomes essentially criminal in nature.

b.    The Defendant is being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendant's right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

c.    Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendant's rights to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendant under Article 1, Section 19, of the Texas Constitution; and

d.    Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiff's Petition purporting to invoke such statutory and/or common law theory is so vague and ambiguous as to be in violation of the due Process Clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19, of the Texas Constitution.

11.     Pleading further, and without waiver of the foregoing, Defendant respectfully alleges that Plaintiff's claim for punitive or exemplary damages violates the Defendant's rights to protection from being subjected to excessive fines, as provided in Article 1, Section 13, of the Texas Constitution.

## JURY DEMAND

12.     Defendant demands a trial by jury and submits the appropriate fee.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that:

(1)     Plaintiff take nothing by this suit; and

(2)     Defendant recovers such other and further relief, both at law and in equity, to which it is justly entitled.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT, LLP**

_____

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:      (512) 600-4365
Facsimile:      (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic Mail, on this the 14th day of January 2022:

The Todd Law Group
Jeffrey N. Todd
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
jeff@jefftoddlaw.com
***Attorneys for Plaintiff***

C. Robert Dorsett, Jr.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Michaela  Drinkwater on behalf of C. Dorsett, Jr.
Bar No. 24029524
mdrinkwater@dorsettjohnson.com
Envelope ID: 60819727
Status as of 1/14/2022 9:08 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 1/14/2022 8:49:46 AM | SENT |
| Dena Kana | | dena@jefftoddlaw.com | 1/14/2022 8:49:46 AM | SENT |
| Julie Rogers | | julie102870@gmail.com | 1/14/2022 8:49:46 AM | SENT |
| Dorsett Dorsett | | eservice@dorsettjohnson.com | 1/14/2022 8:49:46 AM | SENT |
| Jessica Putonti | | jputonti@dorsettjohnson.com | 1/14/2022 8:49:46 AM | SENT |

EXHIBIT "6"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **TESHA ALSHREET** | § |
| *Plaintiff,* | § |
| | § |
| **v.** | § |
| | § |
| **FIESTA MART, LLC,** | § |
| *Defendant.* | § |

**Cause of Action No. _____**

## LIST OF COUNSEL OF RECORD

| Party and Party Type | Attorney(s) |
|---|---|
| Tesha Alshreet, Plaintiff | Jeffrey N. Todd<br>State Bar No. 24028048<br>12929 Gulf Freeway, Suite 301<br>Houston, Texas 77034<br>Telephone: (832) 243-4953<br>Facsimile: (713) 583-7818<br>E-mail: jeff@jefftoddlaw.com |
| Fiesta Mart, LLC, Defendant | C. Robert Dorsett, Jr.<br>State Bar No. 24029524<br>Jessica A. Putonti<br>State Bar No. 24041295<br>3503 Wild Cherry Dr., Bldg. 6<br>Austin, Texas 78738<br>Telephone: (512) 600-4365<br>Facsimile: (512) 266-3655<br>E-mail: eservice@dorsettjohnson.com |

EXHIBIT "7"

CAUSE NO: 2021-83453

| | | |
|---|---|---|
| **TESHA ALSHREET** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant* | § | **129ᵀᴴ JUDICIAL DISTRICT** |

## DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

On January 14, 2022, Defendant Fiesta Mart, LLC filed a Notice of Removal (attached herein as Exhibit A) in the Office of the Clerk of the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT, LLP**

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:    (512) 600-4365
Facsimile:    (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic Mail, on this the 14th day of January 2022:

The Todd Law Group
Jeffrey N. Todd
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
jeff@jefftoddlaw.com
***Attorneys for Plaintiff***

C. Robert Dorsett, Jr.

EXHIBIT "8"

## AFFIDAVIT OF MICHAEL SALTZSTEIN

STATE OF __California__                    §
                                           §
COUNTY OF **Los Angeles**                  §

BEFORE ME, the undersigned authority, on this day personally appeared Michael Saltzstein ("Affiant"), who being by me first duly sworn, stated the following under oath:

1. "My name is Michael Saltzstein. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make this affidavit.

2. My job title is Senior Director and Head of Risk Management for Bodega Latina Corp. and the facts stated herein are based on my personal knowledge obtained in that capacity. I have been authorized by Bodega Latina Corp. and Fiesta Mart, LLC to make this statement on their behalf. I am familiar with the corporate structures of Bodega Latina Corp. and Fiesta Mart, LLC in my capacity as Head of Risk Management for Bodega Latina Corp.

3. Defendant Fiesta Mart, LLC is wholly owned by, and a subsidiary of, Bodega Latina Corp. Defendant Fiesta Mart, LLC is a limited liability company with a sole member, Bodega Latina Corp. Bodega Latina Corp. is incorporated in Delaware and maintains its principal place of business in California."

The affiant says nothing further.

_____
Michael Saltzstein

Subscribed and sworn to before me on _April 1_____, 2020.

SONIA ESMERALDA TORRES
Notary Public – California
Los Angeles County
Commission # 2192073
My Comm. Expires May 12, 2021

_____
Notary Public for the State of _California_

My commission expires: _May 12, 2021_
Notary Stamp